

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable John D. Reed, Commissioner
Bureau of Labor Statistics
Austin, Texas

Dear Sir:

Opinion No. O-1541
Re: Whether minor, fifteen years
of age, may lawfully be em-
ployed in machine shop.

This department is in receipt of your recent
letter reading in part as follows:

"This Department has a request on file from
the Apprenticeship Division, U. S. Department
of Labor, in which they ask whether or not a
minor can be employed as an apprentice in a
machine shop at the age of sixteen years under
our State law.

"Article 1573, Penal Code, states that
children under fifteen are prohibited from work-
ing in or about any factory, mill, workshop,
laundry, etc., which is a part of our Child
Labor Law.

"However, in searching the statutes for
laws affecting this type of employment, we find
that Article 201, Revised Civil Statutes, pro-
vides for the apprenticing of a minor.

"Will you please advise this office whether
or not there is any conflict in these two stat-
utes and if so, which takes precedent over the
other."

The supervision and control of children, especial-
ly with reference to their employment, is a subject which
has always been regarded as within the province of legisla-
tive authority. Just how far it shall be exercised is a

question of expedience which is solely within the Legislature to determine unless its enactments are manifestly unreasonable. One of the purposes of a statute forbidding employment of children is to protect them from their own immaturity, inexperience, and heedlessness. That construction should be given a statute that will effect its purpose, if it can be done without violating the letter of the act; and which, if possible, avoids absurd, unjust and unreasonable consequences, and that construction adopted which comports with the public policy of the State, controlled as far as determinable by the legislative intent and purpose.

Article 1573, Penal Code, Vernon's Texas Statutes, makes it unlawful and provides a penalty for a violation thereof, for any person, firm or corporation, to employ a child under the age of fifteen years to labor in or about any factory, mill, workshop, laundry or in messenger service in towns and cities of more than fifteen thousand population according to the preceding Federal census.

Article 1574, Penal Code, makes it unlawful for any person, or agent, or employee of any person, firm or corporation, to employ any child under the age of seventeen years to labor in any mine, quarry or other place where explosives are used.

Articles 201 to 223 of the Revised Civil Statutes of Texas provides for the apprenticing of minors by the county court when the minor sought to be apprenticed is an orphan or without sufficient estate for his maintenance and education, or, when the parents of such minor have suffered him tobecome a charge upon the county, or, when the parents of such minor, they not being charges upon the county, shall consent in writing to such apprenticeship, which consent shall be signed by them, and filed and entered of record in the county court. The minor may not be apprenticed to any one who is not legally competent to act as the guardian of such minor.

Article 206 provides:

"The person to whom such minor is apprenticed shall enter into an obligation in writing, payable to such minor, in the sum to be fixed by the county judge, not less than one thousand dollars, and to be approved by such county judge, conditioned:

Honorable John D. Reed, Commissioner, Page 3

"1. That he will furnish said minor sufficient food and clothing.

"2. That he will treat said minor humonely.

"3. That he will teach, or cause to be taught, to said minor some trade or occupation, the same to be specified in such obligation.

"4. That he will furnish said minor medicine and medical attention when necessary.

"5. That he will send said minor to school for the full term of the public free school in the community in which he resides.

"6. That he will not remove said minor out of the county without the leave of the court.

"7. That he will not remove said minor out of the State."

Article 211 provides:

"The person to whom a minor has been apprenticed shall have the right, in the management and control of such minor, to inflict such moderate corporal chastisement as may be necessary and proper, and shall have the right to control the person of such minor, and shall be entitled to his services, and to all the profits arising from any such service during the continuance of such apprenticeship."

A study of the apprenticeship law reveals no mention of prohibited types of work or trades or employment, nor is there reference to the child labor law.

Neither the child labor law nor the apprenticeship law prohibits the employment of an apprentice in a workshop or machine shop who is over fifteen years of age. Under authority of Article 3 of the Texas Penal Code, that which is not specifically prohibited is permitted. Since there is no prohibition in any of the statutes herein discussed against the employment of a minor in a machine shop

Honorable John D. Reed, Commissioner, Page 4

who is over fifteen years of age, we conclude that an apprentice, as that term is known in the Texas statutes and in common parlance, who is over fifteen years of age, may lawfully be employed in a machine shop in Texas, subject, of course to all other statutory regulations regarding persons of his class.

There is no indication that the employment of an apprentice should be treated as an exception under the Texas statutes regulating child labor. The apprenticeship statutes have been a part of the laws of Texas for almost a century while the statutes regulating child labor are of much more recent origin. We may justly assume that the Legislature had in mind the resultant evil of the "binding out" and apprenticing of minors when the statutes regulating child labor were passed. There was no intention of abolishing or repealing the practice but to protect the child and future generations from masters whose selfish interests too often blinded their interests, if any, in the health and moral welfare of the child.

Note the terminology of Article 1573:

"<u>Any person</u>, . . . who shall hereafter employ <u>any child</u> under the age of fifteen years to labor. . ."

We think it clear that "<u>any person</u>" includes the person to whom the minor is apprenticed, and that "<u>any child</u>" includes the apprentice as that term is used both in the Texas statutes and in common parlance.

The word "employ", while sometimes used in a sense conveying the idea of contractual relation between the employer and the employee, it is not always so used and has a broader meaning when used in the various statutes regulating child labor. In order to ascertain the meaning of the word as used by the Legislature we should look to the general purpose which the Legislature had in mind. The paramount evil which it obviously sought to prevent was injury to children of tender age resultant from the occupation of such children in manual labor in and about the various places and establishments named in the statutes. The payment of wages by the employer to children engaged in working in or about the places prohibited obviously did not constitute the evil for which the Legislature designed to



Honorable John D. Reed, Commissioner, Page 5

remedy. The working of the children in such places was the thing sought to be prohibited. Granting, then, that the evil sought to be prevented by the Legislature was the working of children in and about the places designated, the word "employ" should be construed to have been used by the Legislature in a sense to effectuate such ascertained purpose on the part of the Legislature. We think the meaning given to the word by the Supreme Court of Massachusetts in the case of Commonwealth v. Riley, 97 N. E. 367, wherein a similar statute was under construction should be applied in the interpretation of the Texas statutes. There the court said that the word "employ" is used to mean "to have work" or "to make use of the service of another". In McClusky v. Cromwell, 11 N. Y. (1 Kern) 593, the word was aptly defined as follows:

> "Employ means to use, as an instrument or means of effecting an object; it is a word of more enlarged signification than the word hire. A man hired to labor is employed, but a man may be employed in work who is not hired."

It is therefore our opinion that the word "employ" as used in Articles 1573 and 1574, Penal Code of Texas, means to use, to have work, or to make use of the service of such child, and that the words "any child" includes an apprentice, a ward, or even one's own son or daughter.

The statutes relating to child labor (Articles 1573-1576a, Penal Code) prohibit nothing which is permitted in the statutes relating to apprentices; that which is prohibited by the child labor law applies with equal force to apprentices.

In view of these observations it is the opinion of this department, and you are so advised, that there is no conflict between the statutes regulating child labor and those permitting the apprenticing of minors.

Yours very truly

APPROVED SEP 14, 1942

Gerald C. Mann

ATTORNEY GENERAL OF TEXAS

ATTORNEY GENERAL OF TEXAS

By E. G. Pharr

E. G. Pharr
Assistant

EGP:LM

OK,
BW



APPROVED OPINION COMMITTEE BY [signature] CHAIRMAN